# IN THE UNITED STATES COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

| | | |
|---|---|---|
| SUZANNE LINDSAY, | * | |
| | * | |
|     PLAINTIFF | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. 3:16cv033-NBB-SAA |
| | * | |
| DR. STEPHEN W. HOUSEWORTH, M.D., | * | |
| | * | |
| | * | |
|     DEFENDANT | * | |

## COMPLAINT
### (Jury Trial Demanded)

COMES NOW Plaintiff, Suzanne Lindsay, by and through undersigned counsel, and brings this Complaint against Defendant, Dr. Stephen W. Houseworth, M.D. In support thereof, Plaintiff would show unto the Court the following, to-wit:

### I. JURISDICTION AND VENUE

1. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1332. Complete diversity of citizenship exists between the parties and the amount in controversy exceeds the sum of $75,000.00.

2. Pursuant to 28 U.S.C. §1391, venue is proper in the United States District Court for the Northern District, Oxford Division, because a substantial portion of the acts and/or omissions giving rise to this action occurred in this district.

### II. PARTIES

3. Plaintiff, Suzanne Lindsay, is an adult natural person who is domiciled in Union County, Mississippi.

4. Defendant, Dr. Stephen W. Houseworth, M.D., is an adult natural person who is domiciled in Ouachita Parish, Louisiana.

### III. FACTS

5. Plaintiff had been a patient of Dr. Johnny H. Mitias, M.D., an orthopaedic surgeon in New Albany, Mississippi, since 2008. Plaintiff initially sought treatment for knee pain. She eventually had to undergo an arthroscopic surgery to repair a medial meniscus tear and chondromalacia in her right knee.

6. In 2010, Plaintiff returned to Dr. Mitias, complaining of knee pain. Once again, she was required to undergo an arthroscopic surgery on her knee in 2010.

7. Following her 2010 surgery, Dr. Mitias noted that the Plaintiff suffered from significant arthritis in her left knee. Indeed, she had grade 4 chondromalacia of the undersurface of her patella and grade 3 of her lateral compartment of her knee.

8. Plaintiff continued to suffer from left knee pain in the months and years following her 2010 surgery. She was diagnosed with left knee patellofemoral chondromalacia and lefy knee medial joint line severe osteoarthritis. Plaintiff was treated conservatively and was administered injections to her left knee.

9. Given the advanced stage of arthritis in her knee, Plaintiff was advised that she would not benefit from another arthroscopic surgery; instead, she would eventually require a total knee replacement.

10. On or about September 9, 2013, Defendant Houseworth was hired as a physician by Mitias Orthopedics, PLLC.

11. Plaintiff was subsequently placed under Defendant Houseworth's care.

12. On or about February 24, 2014, Defendant Houseworth recommended that Plaintiff undergo another arthroscopic surgery and convinced Plaintiff to proceed with the same, even though she had prepared herself to undergo a total knee replacement.

13. On March 11, 2014, Defendant Houseworth performed another arthroscopic surgery on Plaintiff's left knee.

` 14. Prior to performing the March 11, 2014 arthroscopic surgery, Defendant Houseworth failed to give Plaintiff the required disclosures regarding the surgical procedure. In particular, Defendant Houseworth did not advise Plaintiff of the risks and consequences of proceeding with a left knee arthroscopy, the probable success of the treatment, or other viable alternatives, such as total knee replacement.

15. Breaching the applicable standards of care, Defendant Houseworth proceeded with a surgery that was unnecessary and not indicated.

16. Not only was the arthroscopic surgery unnecessary, but it was not successful.

17. Following a painful rehabilitation process, the Plaintiff was eventually required to undergo a total knee replacement surgery.

### IV. CAUSES OF ACTION

#### COUNT 1 – MEDICAL MALPRACTICE

18. Plaintiff re-alleges and incorporates the allegations in paragraphs 1-17 as if fully set forth herein.

19. Defendant owed a duty to patients, including the Plaintiff, to render care and services as a reasonably prudent and similarly-situated health care professional would render, including but not limited to, rendering care and services in a safe and beneficial manner.

20. Defendant failed to meet the applicable standard of care and violated his duty of care to the Plaintiff. The negligence of the Defendant includes, but is not limited to, the following acts and omissions:

    a. failure to properly examine, screen, monitor, diagnose and treat Plaintiff while she was a patient;

    b. failure to obtain and/or appreciate Plaintiff's medical history;

    c. failure to perform and appropriate medical examination;

    d. failure to confirm her diagnosis with appropriate radiological findings;

    e. performing an unnecessary surgical procedure; and

    f. failing to obtain the Plaintiff's informed consent prior to performing a surgical procedure.

21. As a direct and proximate result of the negligence acts and omissions of the Defendant, the Plaintiff has suffered serious injuries and damages.

### COUNT 2 – FAILURE TO OBTAIN INFORMED CONSENT/BATTERY

22. Plaintiff re-alleges and incorporates the allegations in paragraphs 1-21 as if fully set forth herein.

23. Defendant was under a duty to disclose to Plaintiff, *inter alia*, the known risks and consequences of the proposed surgical procedure, the nature and purpose of the proposed surgical procedure, the probability that the proposed surgical procedure would be successful, feasible treatment alternatives, and the prognosis if the proposed surgical procedure had not been undertaken.

24. Defendant breached the standard of care by failing to provide the required disclosures and/or obtaining Plaintiff's informed consent.

25. Had she received the required disclosures from Defendant, Plaintiff would not have undergone the March 11, 2014 arthroscopic procedure.

26. As a direct and proximate result of Defendant's breach of the applicable standard of care, the Plaintiff has suffered serious injuries and damages.

### COUNT 3 – UNJUST ENRICHMENT

27. Plaintiff re-alleges and incorporates the allegations in paragraphs 1-26 as if fully set forth herein.

28. Unjust enrichment is based on the equitable principle that a person or entity shall not be allowed to enrich himself unjustly at the expense of another.

29. In the instant case, the Defendant is in possession of money and funds which, in good conscious and justice, he should not retain, but deliver to Plaintiff.

30. Plaintiff respectfully requests that this Court order Defendants to pay such monies and funds to which the Plaintiff is entitled according to equity and good conscious.

### COUNT 4 – PUNITIVE DAMAGES

31. Plaintiff re-alleges and incorporates the allegations in paragraphs 1-30 as if fully set forth herein.

32. The aforesaid acts and omissions of the Defendant constitute intentional, willful, unlawful, reckless conduct and wanton disregard for the rights of the Plaintiff, and constitute such gross negligence and recklessness as to show a total lack of regard as to the rights of the Plaintiff and other members of the State of Mississippi, entitling the Plaintiff to recover punitive and/or exemplary damages against Defendant.

## V. DAMAGES

33. Plaintiff re-alleges and incorporates the allegations in paragraphs 1-32 as if fully set forth herein.

34. As a direct and proximate result of the negligent acts and omissions described above, the Plaintiff has suffered serious injuries and damages including, but not limited to the following:

    a. Physician, hospital, physical therapy, drug and medical expenses;

    b. Physical pain and suffering;

    c. Mental anguish and emotional distress;

    d. Loss of enjoyment of life;

    e. Inconvenience and discomfort; and

    f. Loss of income.

35. Plaintiff is entitled to recover these damages from Defendant.

## VI. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment of and from Defendant as follows:

    a. Actual and compensatory damages in excess of the minimum jurisdictional limitations of this Court;

    b. Punitive and exemplary damages;

    c. Pre- and post-judgment interest, along with all costs of this action; and

    d. Any other relief which the Court or jury deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED ON ALL COUNTS.**

Respectfully submitted,

SUZANNE LINDSAY, Plaintiff

BY: /s/Kenneth D. McLean
    Kenneth D. McLean (MSB #100624)
    The McLean Law Firm, LLC
    P. O. Box 38161
    Germantown, TN 38183-0161
    Telephone: (901) 326-6888
    Facsimile: (901) 531-8102
    Kenneth@themcleanlawfirm.com

*Her Attorney*

## CERTIFICATE OF CONSULTATION

I, Kenneth D. McLean, Attorney for the Plaintiff, certifies that I have reviewed the facts of this case and have consulted with at least one (1) expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence, who is qualified to give expert testimony as to the standard of care or negligence and who I reasonably believe is knowledgeable in the relevant issues involved in this particular action, and I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

DATED: This the 16th day of February, 2016.

BY: /s/Kenneth D. McLean
    Kenneth D. McLean (MSB #100624)
    THE MCLEAN LAW FIRM, LLC
    P. O. Box 38161
    Germantown, TN 38183-0161
    Telephone: (901) 326-6888
    Facsimile: (901) 531-8102
    Kenneth@themcleanlawfirm.com