IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SUZANNE LINDSAY                                                                                    PLAINTIFF

V.                                                            CIVIL ACTION NO. 3:16CV33-NBB-RP

DR. STEPHEN W. HOUSEWORTH, M.D.                                                  DEFENDANT

## ORDER GRANTING PARTIAL DISMISSAL

This cause comes before the court upon the defendant's motion for partial dismissal of the plaintiff's complaint. Specifically, the defendant seeks to dismiss the plaintiff's claim for battery, as it was brought outside the applicable one-year statute of limitations set forth in Mississippi Code Annotated § 15-1-35, and the plaintiff's claim for unjust enrichment because it is subsumed by her medical malpractice claim. The plaintiff filed no response to the defendant's motion, and it appears she does not oppose dismissal of these two claims. The court will nevertheless briefly address the merits.

In addition to a traditional medical malpractice claim, the plaintiff also separately alleges that the procedure the defendant performed on her should be considered a battery because "had she received the required disclosures from Defendant, Plaintiff would not have undergone the March 11, 2014 arthroscopic procedure." The statute of limitations for this separate battery claim is one year. Miss. Code Ann. § 15-1-35. The surgery at issue was performed on March 11, 2014. The plaintiff filed this action on February 16, 2016. The defendant is correct that the claim was filed outside the applicable period and must be dismissed.

As to the plaintiff's claim for unjust enrichment, Mississippi courts have found that unjust enrichment is a quasi-contract claim, not a tort. *See 1704 21st Avenue, Ltd v. City of Gulfport*, 988 So. 2d 412, 418 (Miss. Ct. App. 2008). When a contractual claim regarding a

procedure performed by a healthcare provider is asserted in the context of a medical malpractice action, the contractual based claim is found to be subsumed by the medical malpractice action. *See McMichael v. Howell*, 919 So. 2d 18, 23 (Miss. 2005) (rejecting a plaintiff's assertion that her medical malpractice claim was actually a breach of contract claim). Accordingly, the court finds that the plaintiff's claim for unjust enrichment should be dismissed.

It is, therefore, **ORDERED AND ADJUDGED** that the defendant's motion for partial dismissal is well taken, should be, and the same is hereby, **GRANTED**. The plaintiff's claims for battery and unjust enrichment are **DISMISSED**.

This, the 17th day of March, 2017.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**