# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

SUZANNE LINDSAY                                                                           PLAINTIFF

V.                                                               CIVIL ACTION NO. 3:16CV33-NBB-RP

DR. STEPHEN W. HOUSEWORTH, M.D.                                                           DEFENDANT

## ORDER DENYING MOTION TO EXCLUDE HANNA M. MITIAS, M.D.

Defendant Stephen Houseworth, M.D. ("Defendant") has moved to exclude Dr. Hanna M. Mitias as an expert witness in this case under Federal Rule of Civil Procedure 37. Docket 36. Defendant argues that Plaintiff Suzanne Lindsay's failure to comply with Federal Rule of Civil Procedure 26(a)(2)(B) when disclosing Dr. Mitias should result in Dr. Mitias being excluded from offering expert testimony in this matter. *Id*.

On January 3, 2017, Plaintiff served her "Disclosure of Expert Testimony" under Federal Rule of Civil Procedure 26(a)(2), designating Dr. Mitias as an "unretained expert witness who may testify to opinions within the realm of his expertise." Docket 37-1. Defendant argues that Plaintiff's disclosure of Dr. Mitias under Rule 26(a)(2)(C) is "deficient and improper" because Dr. Mitias plans to offer expert opinions not formed during his care and treatment of Plaintiff – specifically opinions regarding standard of care related to Dr. Houseworth's treatment. Docket 37 at 3. Defendant maintains that Dr. Mitias' opinions regarding Dr. Houseworth's treatment are subject to the reporting requirement of Rule 26(a)(2)(B), and Plaintiff's failure to designate Dr. Mitias under this provision should preclude his ability to testify in this matter. *Id*. at 7-8.

Plaintiff counters that Dr. Mitias was not retained or specially employed to provide expert testimony in this case and, therefore, is "exempt from the Rule 26(a)(2)(B) report requirement." Docket 38 at 2. Alternatively, Plaintiff argues that her disclosure satisfies Rule 26(a)(2)(B)'s

requirements including "1) a complete statement of all opinions the witness will express and the basis and reasons for them […]; 2) the facts and data considered by the witness in forming these opinions […]; 3) any exhibits that will be used to summarize or support these opinions […]; 4) Dr. Mitias' education and other qualifications enabling him to offer his opinions in this cause […]; 5) a listing of the other cases in which, during the previous 4 years, Dr. Mitias has testified as an expert at trial or by deposition […]; and 6) a statement as to his compensation to be paid for the study and testimony in the case." *Id*. at 5-6. For these reasons, Plaintiff maintains that Defendant will not be prejudiced by Dr. Mitias' testimony. *Id*. at 6.

Federal Rule of Civil Procedure 26(a)(2)(A)'s designation requirement applies to all testifying experts. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 882 (5th Cir. 2004). Rule 26(a)(2)(B)'s report requirement specifically applies to expert witnesses. *Id*. "A treating physician may testify as a non-retained expert witness—and therefore need not provide an expert report…" *Walker v. Target Corp.*, 2017 WL 2903253, at *1 (S.D. Miss. July 6, 2017) (quoting *Kim v. Time Ins. Co.*, 267 F.R.D. 499, 502 (S.D. Tex. 2008). However, if an expert report is not provided, the treating physician's testimony is "confined to facts disclosed during care and treatment of the patient including his diagnosis, the causation of a plaintiff's injuries, and the patient's prognosis, as long as the doctor formed those opinions based on his personal knowledge and observations obtained during the course of care and treatment." *Id*. (quoting *Barnett v. Deere & Co.*, 2016 WL 4735312, at *1 (S.D. Miss. Sept. 11, 2016). "Where a treating physician has prepared his opinions in anticipation of litigation or relies on sources other than those utilized in treatment, courts have found that

the treating physician acts more like a retained expert and must comply with Rule 26(a)(2)(B)." *Id*. at 502.

In support of Dr. Mitias' classification as a non-retained expert under Rule 26(a)(2)(C), Plaintiff points out that Dr. Houseworth performed Plaintiff's surgery while on the staff of Dr. Mitias' clinic on one of Dr. Mitias' long-standing patients whose medical history and complaints were well-known to Dr. Mitias. Docket 38 at 4. Plaintiff points to Dr. Mitias' "personal knowledge, independent of this litigation" regarding Dr. Houseworth's treatment. *Id*.

However, as Defendant argues, the Court finds that Dr. Mitias' opinions regarding the standard of care related to Dr. Houseworth's treatment exceed the scope of what Dr. Mitias "learned through actual treatment and from the plaintiff's records up to and including that treatment." *Kim v. Time Ins. Co.*, 267 F.R.D. 499, 503 (S.D. Tex. 2008). Despite having "a direct interest in remaining informed as to the treatment administered by … Dr. Houseworth," Dr. Mitias' opinions go beyond his own personal treatment of Plaintiff. Docket 38 at 4. Even though he may not be compensated monetarily for his testimony in this case so as to be considered "retained," because Dr. Mitias's expected testimony goes beyond matters pertaining to his own treatment of Plaintiff and extends to the standard of care and its alleged breach by another physician based upon facts outside Dr. Mitias's personal knowledge, the Court considers Dr. Mitias to be "specially employed" to provide expert testimony. As such Rule 26(a)(2)(B) required the submission of a written report prepared and signed by Dr. Mitias. Having determined there was a discovery violation, the court turns to whether Dr. Mitias's testimony beyond matters pertaining to his own treatment of Plaintiff should be excluded as a result.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c). According to the Advisory Committee Note to Rule 37, this sanction provides "a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion," by the deadline. Specifically, the purpose of Rule 26(a)(2) is to "eliminate unfair surprise to the opposing party." *Hill v. Koppers Indus.*, 2009 WL 3246630, at *2 (N.D. Miss. Sept. 30, 2009) (citing *Muldrow ex rel. Estate of Muldrow v. Re-Direct, Inc.*, 493 F.3d 160, 167 (D.C. Cir. 2007)).

Where a party has failed to properly and timely designate an expert witness, the Court evaluates four factors to determine whether to exclude the testimony. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004). The Court considers (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Id.* (citing *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir.1990)).

In support of the first factor, Defendant states that "Plaintiff has no satisfactory explanation for her failure to properly disclose Dr. Mitias." Docket 37 at 8. However, Plaintiff explains at length her reasoning for her belief that Dr. Mitias was exempt from Rule 26(a)(2)(B)'s report requirement and further explains her decision to provide "an expansive and detailed disclosure" that comports with Rule 26(a)(2)(B). Docket 38 at 5. The Court finds that Plaintiff's explanation weights in favor of denying Defendant's motion to exclude Dr. Mitias.

Similarly, the Court finds that Plaintiff has sufficiently demonstrated the importance of Dr. Mitias' testimony regarding not only his own treatment of Plaintiff but also the standard of care employed by Defendant and the alleged breach thereof.

As to the third factor, the Court finds that Defendant is not significantly prejudiced by Plaintiff's failure to provide a report under Rule 26(a)(2)(B). As noted above, Plaintiff's disclosure was expansive and detailed, providing Defendant with "the essential reporting requirements under Rule 26(a)(2)(B)." Docket 38 at 5. Additionally, the Affidavit of Dr. Hanna M. Mitias, M.D. (Docket 50-1), signed under oath by Dr. Mitias and submitted in support of Plaintiff's response to Defendant's motion for summary judgment, mirrors Plaintiff's Disclosure of Expert Testimony (Docket 37-1).

The Court is unconvinced that "Dr. Houseworth is unaware of the basis or scope of Dr. Mitias' testimony" or "knows nothing of Dr. Mitias' qualifications and publications he has authored in the previous ten years," the "cases in the previous four years in which he has testified as an expert at trial or deposition," or "the compensation [he] is being paid … to testify … in this matter." Docket 37 at 9. Although filed subsequent to the instant motion, Dr. Mitias' sworn affidavit speaks to each of these issues, as does Plaintiff's previous Disclosure of Expert Testimony. Defendant cannot show that he is unfairly surprised by the nature and scope of Dr. Mitias' anticipated testimony. Finally, as to the possibility of a continuance, the parties informed the undersigned that Defendant will depose Dr. Mitias in advance of trial. The Court finds that a continuance is not necessary.

The Court finds that on the whole, the *Hamburger* factors weigh in favor of allowing Dr. Mitias to testify. For the reasons discussed above, Dr. Stephen W. Houseworth's Motion to Exclude Hanna M. Mitias, M.D. is **DENIED**. The Motion to Exclude Hanna M. Mitias will be

removed from the list of pending motions contained in the Pretrial Order. Additionally, the first contested issue of law, "whether Dr. Mitias was a properly disclosed expert and should be permitted to offer standard of care opinions," will be removed from the Pretrial Order.

**SO ORDERED**, this the 4th day of October, 2017.

/s/   Roy Percy
UNITED STATES MAGISTRATE JUDGE